**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **JAMES C. WHITE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action No. _____ |
| ) | |
| **SHERMAN FINANCIAL GROUP, LLC,** ) | |
| **LVNV FUNDING LLC, RESURGENT** ) | |
| **CAPITAL SERVICES L.P.,** ) | Jury Trial Demanded |
| **TOBIE GRIFFIN, and** ) | |
| **BUFFALOE & ASSOCIATES, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

2.   This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendants, in their illegal efforts to collect consumer debts.

3.   Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4.   Plaintiff James C. White (hereinafter referred to as "Plaintiff") is a natural person who resides in Sevier County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Sherman Financial Group, LLC (hereinafter "Defendant Sherman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

6.     Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7.     Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, which has its principal place of business located in Greenville, SC, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8.     Defendant Tobie Griffin (hereinafter "Defendant Griffin") is a natural person who is employed by either Defendant Sherman, Defendant LVNV, or Defendant Resurgent as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address at 15 South Main Street, Suite 600, Greenville, SC 29601, or her home address.

9.    Defendant Buffaloe & Associates, PLC (hereinafter "Defendant Buffaloe") is a professional limited liability company that consists of attorneys licensed to practice law in Tennessee, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and an agent of a "card issuer" as that term is defined by 15 U.S.C. § 1602(h), and may be served through its agent for service of process as follows:  John E. Buffaloe, Jr., 201 4th Avenue North, Suite 1300, Nashville, TN 37219.

## FACTUAL ALLEGATIONS

10.    Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by Citibank.

11.    After default, the alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

12.    Defendants Sherman, LVNV and Resurgent (hereinafter collectively the "Sherman Defendants") operate as a debt buying enterprise.  Defendant Sherman is not simply a parent holding company, though it owns 100% of the shares and interests in Defendants LVNV and Resurgent. Instead, all three Defendants operate as parts of a single business operation. Defendant Sherman provides management and decision-making, Defendant LVNV exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and Defendant Resurgent operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

13. On its webpage, Defendant Sherman explains that it "is a diversified consumer finance company that, through its subsidiaries and affiliates, originates, purchases and services all types of consumer debt in the United States and Mexico."

14. Defendant Sherman further explains online that, "Through its subsidiary and affiliated companies, Sherman is engaged in the direct origination of consumer loans, investment in performing and non-performing consumer debt originated by financial institutions, credit card companies, retailers and others, and the servicing of an array of consumer assets." See http://www.sfg.com/ last visited July 18, 2012.

15. Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

16. The Sherman Defendants are engaged in the business of purchasing defaulted consumer debts and attempting to collect them from consumers.

17. Defendant Buffaloe is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

18. When purchasing consumer debts after default, the Sherman Defendants make an intentional business decision not to obtain competent evidence that would allow them: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed, prior to collection of the debt.

19. The Sherman Defendants' main avenue of collecting consumer debts after default is the implementation of a state court litigation model, in conjunction with debt collection attorneys such as Defendant Buffaloe, that involves the Defendants attempting to collect

debts from Tennessee consumers by filing collection lawsuits: (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using Sworn Affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of the terms of the contract on which Defendants allegedly relied to file the collection lawsuit that is necessary to make a Sworn Affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers, who are intimidated by the allegations in the Sworn Affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendants' respective financial bottom lines (hereinafter referred to as the "litigation model").

20. Defendants followed their litigation model while attempting to collect debts from Plaintiff.

21. Agents of the Sherman Defendants sign the sworn affidavits without any personal knowledge that the consumer actually incurred the debt, how the debt was incurred, or how the amount owed was determined.

22. The affidavits signed by agents of the Sherman Defendants under penalty of perjury allege amounts owed that are based solely on hearsay (sometimes double and triple hearsay) in the form of electronic data allegedly transferred from the original creditor or an assignee of the original creditor.

23.     The collection law firms do not request additional evidence from the Sherman Defendants prior to filing the collection lawsuit, and file the lawsuits, knowing that they and the Sherman Defendants do not possess competent evidence and do not intend to obtain it, if challenged by a consumer.

24.     Despite the "business records" exception to the hearsay rule being clearly defined in Tennessee for years, the Tennessee Court of Appeals recently determined what competent evidence is required to prove the alleged debts under this hearsay exception in the context of a debt buyer case.[1]

25.     In a large majority of the cases, debt buyers such as the Sherman Defendants and debt collection attorneys such as Defendant Buffaloe obtain a default judgment and the sufficiency of the debt buyer's sworn affidavits are never challenged.

26.     In those few instances where a consumer has the means and ability to defend the collection lawsuit, debt buyers such as the Sherman Defendants and debt collection attorneys such as Defendant Buffaloe will dismiss the case rather than risk having their systemic fraud on the court exposed.

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, LVNV Funding, LLC v. Mastaw*, M2012-00990-COA-R3-CV, at p. 7 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cach, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Mastaw* at 7, *citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at 11, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at 12, fn. 13 (*citing, Beal Bank S.S.B. v. RBM Co*., 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

27. On August 3, 2011, Defendants filed a Civil Warrant and Sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). ***Copy of August 3, 2011 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").***

28. The Civil Warrant and Sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

### *Use of Civil Warrant That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Debt*

29. The Civil Warrant stated that the Sherman Defendants and Defendant Buffaloe were seeking to collect: "on a sworn account in the principal amount of **$5,387.93, plus pre and post judgment interest accruing at the statutory rate of 10%** and court costs of this cause of $181.50". ***See Doc. 1-1, p. 1.*** (Underline and bold added)

30. There is no Tennessee statute that allows the imposition of a statutory interest rate of 10% for pre-judgment interest.

31. The Sworn Affidavit was **dated September 30, 2010** and stated that the debt was assigned to the Sherman Defendants "on 12/28/2006 (the "Date of Assignment")" in the amount of **$5,387.93 plus any additional interest accrued**", implying that the debt was continuing to accrue at some unknown contract rate of interest. ***See Doc. 1-1, p. 2, ¶ 3.*** (Underline and bold added)

32. By following their litigation model, Defendants made conflicting and confusing statements as to the amount owed in the Civil Warrant and Sworn Affidavit, resulting in at least one or more of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and

1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that the Sherman Defendants were entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

33. The Sherman Defendants and Defendant Buffaloe followed their litigation model and did not review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit even existed and, if so, whether the amount Plaintiff allegedly owed was correct, prior to filing and serving the Civil Warrant and Sworn Affidavit.

34. Without records of the originator of the debt available for the Sherman Defendants and Defendant Buffaloe to review prior to filing and serving the Civil Warrant and Sworn Affidavit, and without being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, the Sherman Defendants and Defendant Buffaloe used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Warrant that the Sherman Defendants were entitled to an amount not expressly authorized by the agreement creating the debt, the Sherman Defendants and Defendant Buffaloe falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which is the use of false,

deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

35.     The failure of the Sherman Defendants and Defendant Buffaloe to acquire and review the contract on which they allegedly relied to file the collection lawsuit resulted in the Defendants stating in the Civil Warrant and Sworn Affidavit amounts that could be several hundreds of dollars to several thousands of dollars different to which the Sherman Defendants were entitled, and was the use of false, deceptive and misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much was allegedly owed, and a threat to any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

36.     Defendants unreasonably relied on Citibank or an assignee of Citibank that Plaintiff owed either amount alleged in the collection lawsuit.

37.     Defendant Buffaloe unreasonably relied on the Sherman Defendants that Plaintiff owed either amount alleged in the collection lawsuit.

38.     By filing the Civil Warrant which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on Citibank or an assignee of Citibank (and, in the case of Defendant Buffaloe, the Sherman Defendants) as to the amount owed by Plaintiff, without knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, or what

language it included regarding contract interest or other charges, the Sherman Defendants and Defendant Buffaloe communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

39.     The collection lawsuit filed against Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the Sworn Affidavit filed with the Civil Warrant intended to deceive the state court and Plaintiff about the knowledge and information that Defendants had about the ownership and correct amount of the debt.

40.     On September 28, 2011, Plaintiff filed a Sworn Denial in the collection lawsuit stating that he had not entered into any agreement with Defendant LVNV for the repayment of debt or otherwise.  ***Copy of Sworn Denial filed as Exhibit 2 to this Amended Complaint (hereinafter "Doc. 1-2").***

41.     Without the contract on which the Defendants allegedly relied to file the collection lawsuit, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt.  *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

*Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

42.     An affidavit filed in support of a Civil Warrant on a sworn account in Tennessee is filed to attest to the correctness of the amount owed.  ***See, Tenn. Code Ann. § 24-5-107(a).***

43.     Defendant Griffin, who authored the Affidavit, affirmed under penalty of perjury that she is "an Authorized Representative for [Defendant LVNV]", and that:

(1)     "I have personal knowledge regarding [Defendant LVNV's] creation and maintenance of its normal business records, including computer records of its accounts receivables."

(2)     "This information was regularly and contemporaneously maintained during the course of [Defendant LVNV's] business."

(3)     "I am authorized to execute this affidavit on behalf of [Defendant LVNV] and the information below is true and correct to the best of my knowledge, information and belief based on [Defendant LVNV's] business records."

(4)     "The records provided to [Defendant LVNV] have been represented to include information provided by the original creditor. Such information includes the debtor's name, social security number, account balance, the identity of the original creditor and the account number."

(5)     "Based on the business records maintained on account 5044948001226267 (hereafter "Account") which are a compilation of the information provided upon acquisition and information obtained since acquisition, the Account is the result of the extension(s) of credit to James C. White by Citibank on or after 10/1/1989 (the "Date of Origination")."

(6)     "Said business records further indicate that the Account was then owned by Citibank. Citibank later sold and/or assigned Portfolio 7411 to [Defendant LVNV's] assignor which included [Plaintiff's] Account on 12/28/2006 (the "Date of Assignment").

(7)     "Thereafter, all ownership rights were assigned to, transferred to and became vested in [Defendant LVNV] including the right to collect the

purchased balance owing of $5,387.93 plus any additional accrued interest".

(8)     "Based on the business records maintained in regard to the Account, the above stated amount is justly and duly owed by the Defendant to the Plaintiff and that all just and lawful offset, payments and credits to the account have been allowed."

*See Doc. 1-1, p. 3, ¶¶ 1-3, 5.*

44.     Prior to signing the Affidavit, Defendant Griffin did not review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiff allegedly owed was correct, and did not review records of the alleged assignment of the debt from Citibank or an assignee of Citibank to the Sherman Defendants, because the Sherman Defendants and Defendant Buffaloe followed their litigation model and did not obtain records of the originator of the debt that would have allowed Defendant Griffin to do so.

45.     Without records of the originator of the debt available for Defendant Griffin to review prior to signing the Sworn Affidavit, it was not possible for Defendant Griffin to have the personal knowledge required to truthfully make a Sworn Affidavit as to the correctness of the amount owed, as required by Tennessee state law for a sworn account.

46.     By making all the allegations in the Sworn Affidavit without reviewing records of the originator of the debt or of the alleged assignment of the alleged debt to the Sherman Defendants, Defendant Griffin falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), falsely represented the compensation which may be lawfully received by any debt collector for the collection of

a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

47.     Form affidavits, such as the one filed in the lawsuit against Plaintiff, are generated automatically by a computer owned by the Sherman Defendants or its agents upon request and routinely provided to Defendant Griffin and other agents of the Sherman Defendants who engage in robo-signing hundreds of affidavits each day without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law, and are intentionally used by Defendants in the collection lawsuits filed against Tennessee consumers.

48.     The form affidavits contain language alleging facts not in possession of the Sherman Defendants and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, and are filed with the Civil Warrant by debt collection attorneys such as Defendant Buffaloe.

49.     The Sherman Defendants and Defendant Buffaloe filed the collection lawsuit against Plaintiff in an attempt to collect the debt knowingly using Defendant Griffin's Sworn Affidavit as the only evidentiary basis to support their claims, and the intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

50.     Defendant Griffin's demands in the Sworn Affidavit for contract interest, without personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, or what language it included regarding interest, were false, deceptive and misleading misrepresentations made without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, and falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

51. By filing the collection lawsuit against Plaintiff with the use of their litigation model: Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is the use of false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that the Sherman Defendants and Defendant Buffaloe had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, with the use of a knowingly false, deceptive, and misleading Sworn Affidavit, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

52. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the Sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $5,387.93, plus any additional accrued interest, the Sherman Defendants and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

### *Failure To Include § 1692e(11) Language In Initial or Subsequent Communications*

53. The FDCPA states:

> "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

54.    The FDCPA states:

    "The failure to disclose . . . in subsequent communications that the
    communication is from a debt collector." 15 U.S.C. § 1692e(11).

55.    The Sworn Affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2).

56.    The Sworn Affidavit is not a formal pleading made in connection with a legal action.

57.    The Sworn Affidavit is the initial written communication by Defendant LVNV with
Plaintiff made in connection with a legal action that is not a formal pleading and is in
connection with collection of the debt in which Defendant LVNV failed to disclose that it
was attempting to collect a debt and that any information obtained will be used for that
purpose, in violation of 15 U.S.C. § 1692e(11).

58.    The Sworn Affidavit is a subsequent communication by Defendant Buffaloe with
Plaintiff made in connection with a legal action that is not a formal pleading and is in
connection with collection of the debt in which Defendant Buffaloe failed to disclose that
the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### Failure of Defendant LVNV to Send a Written Notice Containing the Amount of the Debt and Plaintiff's Right to Dispute the Debt and Obtain Other Information Within Five Days After the Initial Communication in the Form of the Sworn Affidavit

59.    The Sworn Affidavit is the initial written communication by Defendant LVNV with
Plaintiff in connection with collection of the debt that is not a formal pleading made in
connection with a legal action, and within five (5) days after service of the Sworn
Affidavit on Plaintiff, Plaintiff had not paid the debt, and Defendant LVNV had failed to
send Plaintiff a written notice containing—

    (a)    The correct amount of the debt;

(b)     A statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant LVNV;

(c)     A statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant LVNV will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant LVNV; and

(d)     A statement that, upon Plaintiff's written request within the thirty-day period, Defendant LVNV will provide Plaintiff with the name and address of the original creditor, if different from the current creditor;

in violation of 15 U.S.C. §§ 1692g(a)(1), (3) - (5).

### Collection Service Licensing – Defendant LVNV

60.     "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

61.     No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

62.     Defendant LVNV is a "collection service" as defined by Tennessee state law.

63.     As of the date of the filing of the collection lawsuit against Plaintiff, Defendant LVNV did not possess a valid collection service license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee. Defendant LVNV had filed an application with the Tennessee Collection Service Board to request it be issued a valid collection service license, but allowed the application to expire.

64.     By attempting to collect the debt from Plaintiff at a time when not licensed as a collection service by the Tennessee Collection Service Board, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

### Filing the Collection Lawsuit In an Improper Venue

65.     On August 3, 2011, Defendant TCCA filed the collection lawsuit against Plaintiff in state court in Knox County, Tennessee, although Plaintiff resided in Sevier County, Tennessee at the time.

66.     There was no written contract between Plaintiff and Defendant LVNV, and, therefore, the only county in which the collection lawsuit could be filed in compliance with the FDCPA would have been Sevier County, Tennessee.

67.     The filing of the collection lawsuit in Knox County, Tennessee by Defendants was a violation of 15 U.S.C. § 1692i(a)(2).

### Summary

68.     The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

69.     In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Griffin and Buffaloe as agents for the Sherman Defendants and who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principals, the Sherman Defendants.

70.     The acts and omissions by Defendants Griffin and Buffaloe were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by the Sherman Defendants in collecting consumer debts.

71.     By committing these acts and omissions against Plaintiff, Defendants Griffin and Buffaloe were motivated to benefit their principals, the Sherman Defendants.

72.     The Sherman Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by the Sherman Defendants including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

73.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*

74.    Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

75.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

76.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

08/01/12                          Respectfully submitted,

                                  **JAMES C. WHITE**


                                  /s/        Alan C. Lee
                                  Alan C. Lee, Esq., BPR # 012700
                                  Attorney for Plaintiff
                                  P. O. Box 1357
                                  Talbott, TN 37877-1357
                                  (423) 736-0201
                                  info@alanlee.com