IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

JAMES C. WHITE,

        Plaintiff,

v.

SHERMAN FINANCIAL GROUP, LLC,
LVNV FUNDING LLC, RESURGENT
CAPITAL SERVICES L.P., TOBIE
GRIFFIN and BUFFALOE &
ASSOCIATES, PLC,

        Defendants.

Civil Action No. 3:12-cv-00404

---

## DEFENDANTS' AMENDED ANSWER TO COMPLAINT

Defendants Sherman Financial Group, LLC ("Sherman"), LVNV Funding LLC

("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Tobie Griffin, and Buffaloe &

Associates ("Buffaloe") by their undersigned counsel, as and for their amended answer

to Plaintiff's Complaint, deny each and every allegation contained therein, unless

otherwise admitted or qualified herein:

        1.      With respect to the allegations in Paragraph 1 of Plaintiff's Complaint,

Defendants state that Paragraph 1 states a legal conclusion to which no response is

required. To the extent a response is required, Defendants deny the allegations and put

Plaintiff to the strict proof thereof.

        2.      With respect to the allegations in Paragraph 2 of Plaintiff's Complaint,

Defendants admit that the Plaintiff cites to a statute and that the allegations in

Paragraph 2 require no response.  To the extent a response is required, Defendants deny the allegations.

3.	With respect to the allegations in Paragraph 3 of Plaintiff's Complaint, Defendants state that Paragraph 3 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

4.	With respect to the allegations in Paragraph 4 of Plaintiff's Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

5.	In response to Paragraph 5 of Plaintiff's Complaint, Defendant Sherman states that it is a limited liability company, not a corporation, organized in Delaware and that it has a registered agent in Delaware as alleged.  Defendant Sherman denies the remaining allegations and puts Plaintiff to the strict proof thereof.  Defendants LVNV, Resurgent, Tobie Griffin, and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.	In response to Paragraph 6 of Plaintiff's Complaint, Defendant LVNV admits that it is a limited liability company organized in Delaware and that it has a registered agent in Tennessee as alleged.  Defendant LVNV admits that it is at times a "debt collector" for purposes of the FDCPA but that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that it is a "debt collector" for purposes of the instant lawsuit and Defendant LVNV therefore denies the remaining allegations and puts Plaintiff to the strict proof thereof.  Defendants Sherman,

2

Resurgent, Tobie Griffin, and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.    In response to Paragraph 7 of Plaintiff's Complaint, Defendant Resurgent states that it is a limited partnership, not a corporation, organized in Delaware and that it has a principal place of business in Greenville, South Carolina as alleged, and a registered agent in Tennessee as alleged.  Defendant Resurgent admits that it is at times a "debt collector" for purposes of the FDCPA but that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that it is a "debt collector" for purposes of the instant lawsuit and Defendant Resurgent therefore denies the remaining allegations and puts Plaintiff to the strict proof thereof. Defendants Sherman, LVNV, Tobie Griffin, and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8.    In response to Paragraph 8 of Plaintiff's Complaint, Defendant Tobie Griffin admits that she is employed by Defendant Resurgent.  Defendant Tobie Griffin admits that she is at times a "debt collector" for purposes of the FDCPA but that she lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that she is a "debt collector" for purposes of the instant lawsuit and Defendant Tobie Griffin and Defendant Resurgent therefore deny the remaining allegations and put Plaintiff to the strict proof thereof.  Defendants Sherman, LVNV, and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9.    In response to Paragraph 9 of Plaintiff's Complaint, Defendant Buffaloe admits that it is a professional limited liability company and has an agent for service of

3

process, as alleged. Defendant Buffaloe admits that it is at times a "debt collector" and an agent of a "card issuer" for purposes of the FDCPA but states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that it is a "debt collector" or an agent of a "card issuer" for purposes of the instant lawsuit. Defendant Buffaloe therefore denies the remaining allegations and puts Plaintiff to the strict proof thereof. Defendants Sherman, LVNV, Resurgent and Tobie Griffin lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10.     In response to Paragraph 10 of Plaintiff's Complaint, Defendants admit that Plaintiff incurred a debt originally owed to or serviced by Citibank. As to the remaining allegations in Paragraph 10, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

11.     In response to Paragraph 11 of Plaintiff's Complaint, Defendants admit that the account was acquired by Defendant LVNV Funding LLC, but deny that Defendant Sherman acquired the account in any way.

12.     Defendants Sherman, LVNV, and Resurgent deny that they operate a "debt buying enterprise" and deny that Defendant Sherman owns 100% of the shares of Defendant LVNV Funding LLC and Defendant Resurgent, and deny that they operate as a "single business operation.. In response to Paragraph 12 of Plaintiff's Complaint, Defendant Sherman denies all allegations against it and puts Plaintiff to the strict Proof thereof. In response to paragraph 12 of Plaintiff's Complaint, Defendant LVNV admits that it acquires debt portfolios but states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore puts Plaintiff to

4

the strict proof thereof.  In response to Paragraph 12 of Plaintiff's Complaint, Defendant Resurgent admits that it is a manager and servicer of certain debt portfolios but states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore puts Plaintiff to the strict proof thereof.  Defendants Tobie Griffin and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.    In response to Paragraph 13 of Plaintiff's Complaint, Defendant Sherman states that the referenced website speaks for itself and denies all characterizations inconsistent therewith.  With respect to the allegations in Paragraph 13 of Plaintiff's Complaint, Defendants LVNV, Resurgent, Tobie Griffin, and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations.

14.    In response to Paragraph 14 of Plaintiff's Complaint, Defendant Sherman states that the referenced website speaks for itself and denies all characterizations inconsistent therewith.  With respect to the allegations in Paragraph 14 of Plaintiff's Complaint, Defendants LVNV, Resurgent, Tobie Griffin, and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations.

15.    Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.    In response to Paragraph 16 of Plaintiff's Complaint, Defendants Sherman, LVNV, and Resurgent state that that Defendant LVNV acquires charged-off debts and that Defendants LVNV and Resurgent at times attempt to collect debts.  As to the remaining allegations, Defendants Sherman, LVNV, and Resurgent deny the allegations and put Plaintiff to the strict proof thereof.  Defendants Tobie Griffin and

Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.     Defendant Buffaloe admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     In response to the allegations in Paragraph 24 of Plaintiff's Complaint, Defendants admit that Plaintiff cites to a Tennessee Court of Appeals decision and deny any characterization inconsistent therewith.  Defendants state that no further response to Paragraph 24 is required, but to the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     With respect to the allegations in Paragraph 27 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Complaint, and deny any characterization inconsistent therewith.

28.     With respect to the allegations in Paragraph 28 of Plaintiff's Complaint, Defendants state that Paragraph 28 states legal conclusions to which no response is

required. To the extent responses are required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

29. With respect to the allegations in Paragraph 29 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Complaint, and deny any characterization inconsistent therewith.

30. With respect to the allegations in Paragraph 30 of Plaintiff's Complaint, Defendants state that Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

31. With respect to the allegations in Paragraph 31 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Complaint, and deny any characterization inconsistent therewith.

32. Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Defendant Buffaloe denies the allegations in Paragraph 37 of Plaintiff's Complaint. Defendants Sherman, LVNV, Resurgent and Tobie Griffin lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

7

40.     With respect to the allegations in Paragraph 40 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Complaint, and deny any characterization inconsistent therewith.

41.     With respect to the allegations in Paragraph 41 of Plaintiff's Complaint, Defendants state that Paragraph 41 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

42.     With respect to the allegations in Paragraph 42 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

43.     With respect to the allegations in Paragraph 43 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to an Exhibit to the Complaint, and deny any characterization inconsistent therewith.

44.     Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     With respect to the allegations in Paragraph 45 of Plaintiff's Complaint, Defendants state that Paragraph 45 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

8

51.     Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     With respect to the allegations in Paragraph 53 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

54.     With respect to the allegations in Paragraph 54 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

55.     With respect to the allegations in Paragraph 55 of Plaintiff's Complaint, Defendants state that Paragraph 55 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

56.     With respect to the allegations in Paragraph 56 of Plaintiff's Complaint, Defendants state that Paragraph 56 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

57.     Defendants deny the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     With respect to the allegations in Paragraph 60 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

61.     With respect to the allegations in Paragraph 61 of Plaintiff's Complaint, Defendants admit that the Plaintiff cites to a statute, and deny any characterization inconsistent therewith.

62.     With respect to the allegations in Paragraph 62 of Plaintiff's Complaint, Defendants state that Paragraph 62 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

63.     With respect to the allegations in Paragraph 63 of Plaintiff's Complaint, Defendant LVNV admits it did not, as of the date of filing of this lawsuit, have a Tennessee collection service license.  Defendant LVNV also admits that it filed an application with the Tennessee Collection Service Board for a collection service license. As to the remaining allegations in Paragraph 63, Defendant LVNV denies the same. Defendants Sherman, Resurgent, Tobie Griffin and Buffaloe lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63.

64.     Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     With respect to the allegations in Paragraph 65 of Plaintiff's Complaint, Defendants admit that the state court lawsuit was filed in Knox County, Tennessee. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 65.

66.     With respect to the allegations in Paragraph 66 of Plaintiff's Complaint, Defendants state that Paragraph 66 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

10

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     With respect to the allegations in Paragraph 69 of Plaintiff's Complaint, Defendants state that Paragraph 69 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

70.     With respect to the allegations in Paragraph 70 of Plaintiff's Complaint, Defendants state that Paragraph 70 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

71.     With respect to the allegations in Paragraph 71 of Plaintiff's Complaint, Defendants state that Paragraph 71 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and put Plaintiff to the strict proof thereof.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     In response to Paragraph 73 of Plaintiff's Complaint, Defendants state that the allegations in Paragraph 73 require no response.

74.     Defendants adopt by reference paragraphs 1-73 of this Answer as though fully set forth herein.

75.     Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny the allegations in Paragraph 76 of Plaintiff's Complaint.

11

## AFFIRMATIVE DEFENSES

As and for the Defendants' affirmative defenses, Defendants interpose the following:

1.      The Complaint fails to state a claim upon which relief may be granted;

2.      Any violation of the FDCPA, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, if applicable.

WHEREFORE, Defendants Sherman Financial Group, LLC, LVNV Funding LLC, Resurgent Capital Services, L.P., Tobie Griffin, and Buffaloe & Associates respectively request the following relief from the above-named court:

1.      Dismissing Plaintiff's Complaint with prejudice and on the merits; and

2.      Granting Defendants such other and further relief as the court deems just and equitable.

Respectfully submitted,


By:  /s Craig L. Meredith
Tricia T. Olson (#24643)
Craig L. Meredith (#29506)
**ADAMS AND REESE, LLP**
424 Church Street, Suite 2800
Nashville, Tennessee 37219
Tel:  (615) 259-1450
Fax: (615) 259-1470
tricia.olson@arlaw.com
craig.meredith@arlaw.com

**MOSS & BARNETT**
  A Professional Association
Sarah E. Doerr (MN Bar #338679)*
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4129
Telephone:  (612) 877-5000
DoerrSarah@moss-barnett.com

*Admitted to practice in the United
States District Court for the Eastern
District of Tennessee on April 30, 2012.

***ATTORNEYS FOR DEFENDANTS***


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via the Court's CM/ECF system to all parties and counsel indicated on the electronic filing receipt. Copies may also be accessed through the Court's electronic filing system.


This 28th day of September, 2012.


s/ Craig L. Meredith


13